IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. CEPHAS,                : | |
|    Plaintiff,                : | |
|                                  : | |
| v.                               : | CIVIL ACTION NO. 25-CV-1169 |
|                                  : | |
| GEORGE W. HILL CORRECTIONAL      : | |
| FACILITY, *et al.*,              : | |
|    Defendants.              : | |

MEMORANDUM

**HENRY, J.**                                                                 **OCTOBER 30, 2025**

*Pro se* Plaintiff, Darren L. Cephas brings claims pursuant to 42 U.S.C. § 1983 against prison officials at the George W. Hill Correctional Facility in Delaware County, where he was recently incarcerated as a pretrial detainee. Cephas alleges constitutional violations in connection with prison guards ignoring his emergency button alert and the subsequent alleged denial of medical care. Cephas was previously granted leave to proceed *in forma pauperis*. Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the prison and its security and administration departments and permitted him to file an amended complaint. (*See* ECF No. 7.) Cephas returned with the pending Amended Complaint. For the following reasons, the Court will dismiss Cephas's Amended Complaint. Cephas may file a second amended complaint if he believes he can cure the defects the Court notes in his claims.

**I.    FACTUAL ALLEGATIONS**[1]

In his initial Complaint, Cephas named only the George W. Hill Correctional Facility and

---

[1] The facts are taken from Cephas's Complaint, which consists of two handwritten pages. (ECF No. 13.) Court adopts the pagination supplied by the CM/ECF docketing system.

its security and administration departments. He asserted Fourteenth Amendment claims based on allegations that prison guards at the George W. Hill Correctional Facility failed to respond to him when he pushed the emergency button in his cell. (*See* ECF No. 2.) The Court dismissed the Complaint, concluding that because neither a jail nor its departments are "persons" under § 1983, Cephas failed to name a proper Defendant. (ECF No. 7.)

Cephas returned with an Amended Complaint, naming the following Defendants: the George W. Hill Correctional Facility, L.T. Jones, Officer Mayrussel, Officer Grey, John Doe 1, John Doe 2, and John Doe 3. (Am. Compl. at 2.) The facts in Cephas's Amended Complaint are brief.[2] Cephas alleges that L.T. Jones "ignored the emergency button call along with fellow employees," which led to Cephas "passing out," "hitting [his] head," and hurting his hip and lower back. (*Id*.) He states that he was never provided medical care for these injuries. (*Id*.) Cephas also alleges that Officer Mayrussel, Officer Grey, John Doe 1, John Doe 2, and John Doe 3 "ignored the emergency call" and did not "make tours for [his] health call or safety." (*Id*.) He contends that the emergency button worked but that his emergency call went unanswered. (*Id*. at 3.) Cephas claims that his "safety was not secure" and that this affected him "physically and psychologically." (*Id*. at 2.) He states that the Defendants' actions, which included "never [coming] to [his] rescue," caused him "danger and almost death." (*Id*. at 3.) Based on these

---

[2] Cephas may not have appreciated that his Amended Complaint superseded the original Complaint. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

allegations, Cephas asserts Fourteenth Amendment claims and seeks five million dollars.  (*Id.*)

## II.     STANDARD OF REVIEW

As Cephas is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Cephas is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Cephas to again assert Fourteenth Amendment claims based on allegations that prison officials failed to respond to his emergency call, which resulted in injuries.[3]  Cephas asserts constitutional claims pursuant to § 1983, the statute enabling a plaintiff

---

[3] Because Cephas was a pretrial detainee when the underlying incidents occurred, the Fourteenth Amendment, and not the Eighth Amendment, governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Prison officials have a constitutional duty to provide humane conditions of confinement, including taking reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id*. (internal quotations and alterations omitted). To satisfy the subjective component of the analysis, a prisoner generally must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see Edwards v. Northampton Cnty*., 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*).

Cephas's condition-of-confinement claims are undeveloped, as pled.[4]  Cephas alleges that Defendants ignored him when he pushed the emergency call button, which led to him passing out and hurting his hip and back.  Cephas provides no other details about this alleged incident, including when it occurred, the circumstances surrounding his need for emergency attention, which Defendants were aware of his condition and when, and how the Defendants' actions or inactions caused him to suffer injuries.  In other words, Cephas's vague, generalized, and conclusory allegations do not support a plausible inference that any named Defendant consciously disregarded a serious risk to Cephas's health or safety.  Accordingly, Cephas's conditions-of-confinement claims will be dismissed without prejudice to amendment if Cephas can allege additional facts to support the elements of his claims.

Because his factual allegations are undeveloped, it is not clear whether Cephas also intends to assert claims involving the deliberate indifference to medical needs.  When medical treatment is at issue, a detainee must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer*, 511 U.S. at 835.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference in this context is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v.*

---

[4] To the extent that Cephas reasserts claims against the George W. Hill Correctional Facility, the claims are dismissed, as this Defendant has already been dismissed with prejudice from the case.

*Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Further, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, 'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 45 (3d Cir. 2015) (*per curiam*) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Cephas alleges in conclusory fashion that he was denied medical care after his request for emergency attention was ignored. Cephas does not state whether any of the named Defendants were involved in that alleged denial of medical care. As noted above, Cephas must allege how each individual defendant was specifically involved in the alleged constitutional harms. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Nor does Cephas allege any facts about the medical need for which he required assistance or how he was denied care for that medical need. Cephas's generalized allegations do not sufficiently identify an individual or individuals alleged to have intentionally denied or delayed access to medical care or how the alleged deprivation occurred. Accordingly, any deliberate indifference to serious medical needs claims will be dismissed without prejudice to amendment in the event Cephas can provide additional relevant details to support his claims.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Cephas's Amended Complaint. Cephas will be permitted to file a second amended complaint in the event he can plead additional facts to cure the defects the Court noted as to his claims. An appropriate Order follows, which offers additional guidance on amending to the extent Cephas wishes to do so.